The plaintiffs alleged that they were the owners of and in possession of a tract of land in Lee County, containing about 900 acres, and that the defendant, without any claim, title or license, had "at divers times entered upon the said premises and cut and removed timber therefrom, and is now cutting and removing from said land certain timber of great value." The plaintiffs pray for a restraining order. The defendant filed an answer, alleging that he had purchased the land in controversy and had made extensive improvements thereon, and was ready, able and willing to comply with the contract of purchase. A temporary restraining order was issued and made returnable before Midyette, J., who found that "the plaintiffs are the owners of and in possession of the land, and that the defendant has failed to comply with any of the terms or conditions stipulated in said contract; that he has neither paid, offered to pay or tendered any portion of the consideration named in said contract, and that the whole of the consideration named therein became due prior to the institution of this action." It was further found as a fact "that subsequent to the execution of said contract the defendant abandoned the same and possession claimed thereunder; that the defendant has during the past several months at divers times, entered and trespassed upon the land described in the complaint, and cut and removed valuable trees and timber therefrom. . . . That the defendant is insolvent and unable to respond in damage for the injury to plaintiffs' land," etc.
Thereupon it was ordered and adjudged that the temporary restraining order "be, and the same is hereby continued to the final hearing of this cause," etc.
From the foregoing judgment the defendant excepted and appealed.
The facts found by the trial judge are definite and specific, and fully support the judgment continuing the injunction to the final hearing.
Affirmed. *Page 495